### JAMES OSBORN v. MARANDA OSBORN.

**Statute of Limitations in Suit to Set Aside a Deed.**

An action to set aside a conveyance must be brought within five years from the date the cause of action accrued, and where a deed is procured by fraud and the petition alleges it, in the absence of allegation and proof to the contrary, it will be regarded that the fraud was discovered and the cause of action consequently to have accrued at the date of the deed.

**Statute of Frauds.**

Where the real consideration of a deed is the agreement to support a person and her children, the agreement does not fall within the statute of frauds, being uncertain as to the time of performance and not such a one as was necessarily "not to be performed within one year from the making thereof."

**Statute of Limitations.**

Under a contract to support a woman and her children, a cause of action to recover the value of the support does not accrue until the party refuses to longer support her. The statute of limitations in such a case begins to run from the time of refusal to furnish such support.

### APPEAL FROM WOLFE CIRCUIT COURT.

### November 15, 1883.

OPINION BY JUDGE LEWIS:

It appears that Stephen Osborn died in 1862, intestate, the owner of more than two thousand acres of land worth from $2 to $4 per acre, leaving appellee, his widow, and eight children by her, four of whom were infants; that in 1872, appellant, one of the children, as administrator of the estate of his father brought an action for the sale of the land to pay the debts against the estate alleging the personalty insufficient for that purpose; that a judgment was rendered in that action for a sale of enough of the lands to pay the debts, and at the sale made in pursaunce of it appellant became the purchaser of all the lands at about $800.

It further appears that between the day of sale and the confirmation of it by the court appellant induced his mother to execute to him a deed by which for the recited consideration of one dollar paid and love and affection she conveyed to him all her right, title and interest in all the lands that might be assigned to her as dower. Appellant being the administrator of his father's estate and residing with his mother at the homestead, as he had done since the death of his father, it is not difficult to believe that she confided in him and was easily persuaded to convey to him her dower right in the lands purchased by him.

But it is incredible that his mother agreed to render herself and the four infant children residing with her homeless for the consideration expressed in the deed. It is therefore manifest that the true consideration is not recited. Hence her allegation which is fully supported by the proof is entirely consistent, which is "that he agreed if she would not meddle with nor file exceptions to the sale she should have so much of the land as would amount to her dower interest and homestead for herself and infant children; and that she might stay on the land at the old homestead, and that they would live agreeably, and that he would maintain her and her infant children during her life and their infancy, and that under that agreement she did not raise objections to the sale and the same was confirmed."

But this action was not commenced within five years next after the execution of that deed and it is alleged that the true consideration was left out and the deed procured to be made in the form it is by the fraud of appellant. So much of the action as seeks a cancelation of the deed and allotment of dower is barred by the statute of limitations, for if the execution of it was procured by the fraud of appellant, as is alleged, it is obvious that the fraud must, in the absence of allegation and proof to the contrary, be regarded as having been discovered, and the cause of action consequently to have accrued at the date of the deed.

But appellee prays that in case the deed is not set aside and dower allotted to her, judgment be rendered in her favor for the sum of $300 for each of the three years between the time appellant ceased to support her and her infant children and the commencement of the action, and that a lien upon the land be adjudged for the payment of such sums.

If appellant has not complied with his agreement above recited and

which as just stated formed the true consideration for the deed, it is not necessary to reform that instrument in order to enable her to recover judgment for whatever it was reasonably worth per year to support her and her infant children. It is alleged by appellant that appellee is spiteful and disagreeable, and voluntarily left his residence, the old homestead, and refused to return; but that though denying his legal obligation to do so, he is still willing and in his answer offered to support her if she would return. But it satisfactorily appears that she left, if not under compulsion and threats, of which there is some proof, at least because appellant was unwilling to make her residence with him comfortable and agreeable, and to properly care for her and support her and her infant children.

Whatever appellee was, and however costly and disagreeable it was to support her and her children, appellant knew before he made the contract with her, and having procured her for his own advantage and benefit to render herself and infant children homeless, the chancellor should now compel him, if it can be done, to either restore her dower interest in the land or else to pay the equivalent of her support and that of the children.

By his plea of limitation she is barred of recovering her dower interest in the land. Is her right to the value in money of her and her children's support either prohibited by the statute of frauds or barred by limitation? We think the agreement does not fall within the statute of frauds, being uncertain as to the time of performance and not such a one as was necessarily "not to be performed within one year from the making thereof." For the performance of the agreement by its terms was to commence immediately after the execution of the deed, and though it might not, by reason of the possible prolongation of appellee's life, have been completed within one year, still her death might have occurred and the agreement been fully performed within that period.

Neither is the recovery barred by the statute of limitations, for the right to sue for and recover the value of the support of the appellee and her infant children did not accrue until 1875, when appellant refused to longer support her. *Howard's Admr. v. Burgen,* 4 Dana (Ky.) 137; *Myles' Exrs. v. Myles,* 6 Bush (Ky.) 237. Under the contract she is entitled to recover at the end of each year the value of the support of herself and children while they are infants and after they arrive at full age to recover the value of the support

of herself, and a lien exists upon so much of the land as was owned by appellant at the commencement of this action for the payment thereof.

Instead of allotting to appellee dower in the land, which the court had no right to do as the statute of limitations was pleaded, judgment should have been rendered for $200 per year for the three years, being almost the amount shown by the proof to be the value of the support of appellee and her infant children, and the land subjected to its payment.

Wherefore the judgment is *reversed* and cause remanded with directions for further proceedings consistent with this opinion.

*H. C. Lilly & Son, for appellant.*

*B. F. Day, for appellee.*